UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DIVISION 618, AMALGAMATED TRANSIT UNION, KEVIN COLE ET AL., *Plaintiff,* <br><br> v. <br><br> RHODE ISLAND PUBLIC TRANSIT AUTHORITY, *Defendant.* | No.   1:18-cv-00226 |

**COMPLAINT**

**NATURE OF THE ACTION**

This is a class action on behalf of Rhode Island Public Transit Authority ("RIPTA") Bus Operators who are required by RIPTA to travel throughout the city, without compensation, from one assigned location to another during their day's work. These pay practices violate the Fair Labor Standards Act, 29 U.S.C. Section 207, the Portal to Portal Act, 29 U.S.C. Section 252 and the Rhode Island General Laws, including RI Gen. Laws Chapter 28, Section 14.

**JURISDICTION**

Jurisdiction is premised on 29 U.S.C. Section 216(b) and 252 (d), which establish rights to bring actions in the United States District Court to compel enforcement of the Fair Labor Standards Act and the Portal to Portal Act, respectively. Plaintiffs request supplemental jurisdiction, 28 U.S.C. Section 1367, to enforce the Rhode Island General Employment Laws, RI Gen. Laws Ch. 28, which apply to the same parties and subject matter.

**PARTIES**

1. Plaintiff Division 618, Amalgamated Transit Union ("Division 618" or "the Union") represents in collective bargaining certain employees of the Rhode Island Public Transit Authority including, among others, those known as "Bus Operators". Division 618 has represented workers in these classifications for approximately 100 years. Its office is located at 172 Longfellow Street, Providence, Rhode Island, 02907.

2. Plaintiff Kevin Cole is a full-time Bus Operator employed by RIPTA and assigned to the Elmwood Bus Garage. Mr. Cole's address is 51 North Street, Cranston, Rhode Island 02920. Mr. Cole has worked repeatedly on RIPTA runs (work assignments) which required him to travel from one location where he completed his driving assignment, to another work location where he reported for further duty or to the point where he began service at the time of his first report, without compensation of any kind for the time required to travel. Mr. Cole is currently on leave from RIPTA service while he performs full-time work as an elected official of the Plaintiff Division 618, Amalgamated Transit Union. Mr. Cole is the current Financial Secretary for the Union.

3. James Thornley is a full-time Bus Operator employed by RIPTA and currently assigned to the Elmwood Bus Garage. Mr. Thornley's address is 8 Mayfield Avenue, Cranston, Rhode Island 02910. He has worked repeatedly on RIPTA runs (work assignments) which required him to travel from one location where he completed his driving assignment, to another work location where he reported for

further duty or to the point where he began service at the time of his first report, without compensation of any kind for the time required to travel.

4. Currently, Mr. Thornley is assigned to run 6020 of the Elmwood Garage on Mondays, Tuesdays, and Wednesdays. After completing the first block of work, he leaves his bus at Elmwood Bus Garage, 705 Elmwood Avenue, Providence, Rhode Island 02907 and travels without pay to the Kennedy Plaza, 99 Kennedy Plaza, Providence, Rhode Island 02903 to begin the second half of his work day. This trip takes 18 minutes, according to the applicable Collective Bargaining Agreement. (Exhibit A)

5. Tracey Blackledge is a full-time Bus Operator employed by RIPTA and currently assigned to the Elmwood Bus Garage. Ms. Blackledge's address is 86 Irving Street, Cranston, Rhode Island 02910.   She has worked repeatedly on RIPTA runs (work assignments) which required her to travel from one location where she completed her driving assignment, to another work location where he reported for further duty or to the point where he began service at the time of his first report, without compensation of any kind for the time required to travel.

6. Currently, Ms. Blackledge is assigned to run 6050 of the Elmwood Garage on Tuesdays, Wednesdays and Thursdays. After completing the first block of work, she leaves her bus at Elmwood Bus Garage, 705 Elmwood Avenue, Providence, Rhode Island 02907 and travels without pay to the Kennedy Plaza, 99 Kennedy Plaza, Providence, Rhode Island 02903 to begin the second half of her work day. This trip takes 18 minutes, according to the applicable Collective Bargaining Agreement. (Exhibit A)

7. On Fridays, Ms. Blackledge is assigned to run 6027 of the Elmwood Garage. After completing the first block of work, she leaves her bus at Elmwood Bus Garage, 705 Elmwood Avenue, Providence, Rhode Island 02907 and travels without pay to the Kennedy Plaza, to begin the second half of her work day. This trip contractually takes 18 minutes.

8. Pending class certification, there are approximately 46 additional individual plaintiffs. Written consent forms for some of those individuals are attached hereto. Any new names that are added will be disclosed to opposing counsel in a letter and will be added to the existing index of names attached hereto.

9. Defendant Rhode Island Public Transit Authority ("RIPTA") is a body corporate and politic, a subdivision of the State of Rhode Island, authorized to own and operate mass transit systems, including bus service, throughout a service area comprised of Providence, Rhode Island and Rhode Island cities and towns in the surrounding area. Rhode Island General Laws Ch. 39, Sections 18, et seq. RIPTA is authorized to sue and be sued. The principal offices of RIPTA are located at 705 Elmwood Avenue, Providence, Rhode Island, 02907.

**PARTIES' RELATIONSHIPS**

10. Plaintiff Division 618, ATU and Defendant RIPTA are parties to a collective bargaining agreement which, among other provisions, establishes and governs pay, hours and other terms and conditions of employment for the RIPTA employee classification of Bus Operator.

11. The individual Plaintiffs Kevin Cole, James Thornley, Tracey Blackledge and those similarly situated, are on active duty as RIPTA workers (or have been on

active duty at some point during the period between December 1, 2017 and the filing of this lawsuit). They are paid by RIPTA weekly on each Thursday, by check or by direct deposit, based on their respective wage rates times the hours worked during the preceding pay week. The scheduled work week begins at 12:01 a.m. each Monday and ends and Midnight on the following Sunday.

**THE PRESENT DISPUTES**

12. RIPTA Bus Operators are given specific routes to drive each workday. Their pay depends on the hours required to complete the work designed for them by the RIPTA. Bus Operators select assignments three times each year, by seniority, from among available weekly assignments devised by RIPTA management to meet the service needs in the area served by the garage where the Operator works. There are 2 separate garage locations within the RIPTA service area. Bus Operators drive transit buses depending on their work locations and daily assignments.

13. RIPTA Operating Employees are divided generally into "garages" where employees report to work and receive vehicles along with a list or "manifest" which depicts the stops they are to make every work day. The two garages are Elmwood and Newport. (Hereafter, this Complaint will refer to "Operating Employees" in general to encompass all affected classifications, including Bus Operator, unless otherwise indicated.)

14. At each general report location are such amenities as parking spaces, an employee break room with lockers, restroom and changing facilities and supervisory staff

who manage day-to-day activities, post work-related notices, keep time and pay records, collect reports and the like.

15. RIPTA customer service ceases for a few hours each night. During that time, the vehicles are returned to the various garages for cleaning and servicing. As part of their daily assignments, Operating Employees take the vehicles from garages in the morning and return them there at the end of the day. However, vehicles stay in service for up to 20 hours each day, and so the Operating Employees replace each other in active duty while the vehicles are on the road, usually at RIPTA transfer stops at Kennedy Plaza.

16. Because of rush hour demands, RIPTA service frequency varies throughout the day. Consequently, split shifts are common.

17. Some full-time RIPTA Operating Employees who report for duty at one location, such as their report garage, then report to another, different location in Pawtucket, to resume their duties after a break, receive under the labor contract a so-called "travel pay" consisting of 22 minutes of pay. (Exhibit B, run 6076)

18. When a full-time Operating Employee reports for duty Elmwood garage, is relieved of duty at Kennedy Plaza, then reports back to the garage, they receive no compensation for the time required to travel between the two locations. Nor are they compensated when they end a block at the Elmwood garage and begin the next part of the run at Kennedy Plaza. (Exhibit C, see runs 6050, 6053, and 6022)

**CAUSES OF ACTION**

COUNT I
PORTAL TO PORTAL ACT

19. All of the previous allegations are repeated and incorporated into this Count.

20. RIPTA Operating Employees, including Bus Operators, are all obliged to travel throughout the city after they have commenced their work days, in order to be of service to the RIPTA, if their designated assignment so dictates.

21. The mandatory, non-driving travel from Elmwood Garage to Kennedy Plaza or vice versa is generally not compensated by the RIPTA.

22. Accordingly, RIPTA pay practices violate the United States Portal to Portal Act, in particular 29 U.S.C. Sections 252 and 254.

## COUNT II
## FAIR LABOR STANDARDS ACT
## UNPAID "SPLIT SHIFT" TRAVEL TIME

23. All of the previous allegations are repeated and incorporated into this Count.

24. RIPTA Operating Employees are compelled in order to perform the requisite service to RIPTA, after commencing their principal activities, to move from Elmwood Garage to Kennedy Plaza or from Kennedy Plaza to Elmwood Garage without pay during the period established as an "unpaid meal relief" break.

25. Split shift travel time is excluded by the RIPTA from regular hourly pay, in violation of 29 U.S.C. Section 206 and RI Gen. Laws Chapter 28, section 12., the "Minimum Wages" provisions.

26. Split shift travel time is excluded by the RIPTA from overtime calculations, in violation of 29 U.S.C. Section 207 and RI Gen. Laws Chapter 28, Section 11., the "Hours of Employment" provisions.

## COUNT III
## CLASS ACTION

27. All of the previous allegations are repeated and incorporated into this Count.

28. There are at least 44 RIPTA Operating Employees have been compelled regularly to travel without pay after they commenced daily work duties, during the period after December 2017 and before the filing of this action.

29. The legal and factual issues shared by the claims of potential plaintiffs predominate over any differences among their individual claims

30. Proceeding as a class would avoid incompatible standards of conduct for payment of travel time consumed by Operating Employees.

31. The representatives and counsel named herein will fairly and adequately protect the interests of the class of claimants.

32. Class action by representative plaintiffs comports with Rule 23 of the Federal Rules of Civil Procedure and the specific requirements of the Fair Labor Standards Act, 29 U.S.C. Section 216(h). (See written consent forms, Attachment 1.  Any new names that are added will be disclosed to opposing counsel in a letter and will be added the existing index of names attached hereto) Accordingly, this matter should proceed as a class action with regard to all allegations, counts and remedies.

## COUNT VI
## WILLFUL VIOLATIONS OF LAW

33. All of the previous allegations are repeated and incorporated into this Count.

34. RIPTA officials, including managers, supervisors, legal, payroll and planning directors, were aware that Operating Employees were being required to travel without pay after commencing their daily duties.

35. RIPTA officials, including managers, supervisors, legal, payroll and planning directors, were aware that Operating Employees were not being compensated for travel time during their work days.

36. RITA officials, including managers, supervisors, legal, payroll and planning directors, were aware that compensation was required for work day travel time as a matter of law.

37. When the illegal pay practices were specifically explained and the Plaintiff Union demanded that they cease, RIPTA officials refused and persisted in the illegal behavior. (Exhibit D, Union Contract Proposal)

38. RIPTA determination to continue violating the wage and hour laws was therefore deliberate and willful, undertaken as a matter of policy, not through error, ignorance or bureaucratic inertia.

**REMEDIES**

Plaintiffs seek injunctive and declarative relief, as well as damages, in the form of an order of the Court directing RIPTA as follows:

   A. Cease directing employees to travel from place to place in the city during their work day without compensation for the time expended in travel;

   B. Pay to each employee who has been compelled to travel after arriving at work for time expended in such travel at the employee's regular rate of pay;

   C. Pay to each employee whose weekly hours of work exceeded 40, but were not paid because work day travel time was excluded, overtime at the rate

    of time and one-half their regular rate of pay for all hours in excess of 40 when travel time is added to their pay;

D. Pay to Counsel for Plaintiffs a reasonable amount as attorneys' fees, and other costs and expenses arising from the litigation of this matter; and

E. Such other actions or remedies as may be appropriate to effectuate the purposes of the Fair Labor Standards Act, Rhode Island Wage and Hour laws and the Portal to Portal Act.

        Respectfully submitted,
        Counsel for Plaintiffs,
        Division 618, ATU, and Kevin Cole, et al.

        /s/ Gerard P. Cobleigh
        _____
        Gerard P. Cobleigh, Esq.   #0232
        Cobleigh and Giacobbe
        70 Jefferson Boulevard, Suite 301
        Warwick, RI   02888
        P:(401) 941-5900
        F:(401) 461-4107
        GCobleigh@aol.com