UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                        )
DIVISION 618, AMALGAMATED TRANSIT       )
UNION, KEVIN COLE ET AL.,               )
                                        )
         Plaintiffs,                    )
                                        )
    v.                                  )    C.A. No. 18-226-WES-PAS
                                        )
RHODE ISLAND PUBLIC TRANSIT             )
AUTHORITY,                              )
                                        )
         Defendant.                     )
_____)

## ORDER

The Court has reviewed the Motion for Certification of
Settlement Class and Preliminary Certification of Fair Labor
Standards Act Collective Action, and for Preliminary Approval of
Proposed Settlement. ("Joint Mot.") (ECF No. 6.)  This Motion was
filed jointly by the Defendant, Rhode Island Public Transit
Authority ("RIPTA") and the Plaintiff, Division 618, Amalgamated
Transit Union (the "Union") and three members of its bargaining
unit who are individually named Plaintiffs in this suit
(collectively, "Plaintiffs"), individually and on behalf of all
others similarly situated.  For the reasons set forth below, the
Court conditionally certifies the settlement class, preliminarily
certifies the Fair Labor Standards Act ("FLSA") collective action,
and preliminarily approves the proposed settlement.

I. Certification

The parties have requested an order certifying the Rule 23 settlement class and preliminarily certifying the FLSA collective action. The Court recognizes that the parties have stipulated that the individuals who make up both classes are in the Union's bargaining unit and were employed as full-time bus operators for RIPTA between April 24, 2015 and the date of the Settlement Agreement and General Release ("Settlement Agreement").

A.  The Court Grants Certification of the Rule 23 Class Action

When seeking class certification, it must be demonstrated that the proposed class meets the requirements of Federal Rule of Civil Procedure Rule 23(a) and one of the three categories in Rule 23(b). Rule 23(a) permits one or more members of a class to represent all class members' interests if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Additionally, the applicable category of Rule 23(b)(3) requires that questions of law or fact common to class members predominate over any questions affecting only individual members and that a

class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

First, this putative class consists of approximately 500 bus operators, and attempting to join all members of the class can reasonably be viewed as impracticable. Thus, the standard for numerosity is satisfied.

Second, the legal claims in this matter depend on factual contention that RIPTA did not compensate its bus operators under the Union's collective bargaining agreement for their split-shift travel time. Additionally, all plaintiffs face the common legal issue of whether the alleged failure to pay split-shift travel time violates both the FLSA and Rhode Island law. There is accordingly commonality of factual and legal issues within the class.

Third, each named plaintiff, like other RIPTA bus operators in the putative class, allege that they did not receive compensation for their travel to and from RIPTA's Elmwood garage and Kennedy Plaza. The Collective Bargaining Agreement ("CBA") stipulates the trip takes eighteen minutes, a typical period across all class members. Therefore, there is typicality among the class representatives' claims and those of the class.

Fourth, the class representatives are aligned with the class members and are not seeking incentive payments. Their proposed settlement compensation is the same as all other putative class

members.  Furthermore, Plaintiff's counsel is highly qualified and able to carry out their corresponding duties as class counsel. The Court thus finds it is reasonable to believe that the representative parties will fairly and adequately protect the interests of the class.

Lastly, each putative plaintiff has the same causes of action against RIPTA based on the practice or policy of not paying operators for split-shift travel time during the settlement period.  All putative class members belong to the same bargaining unit of Plaintiff's Union and have regularly disputed issues with management collectively.  Moreover, no putative class members have initiated suit against RIPTA on any similar grounds outside of this matter.

Therefore, because common questions of fact and law predominate for all putative class members and after examining the interests listed in Rule 23(b)(3)(A-D), this Court finds that a class action is superior to other methods of adjudicating this dispute.

For these reasons, this Court hereby certifies the following Rule 23 settlement class: individuals in the Union's bargaining unit who were employed as full-time RIPTA bus operators and worked at any time between April 24, 2015 and the date of the Settlement Agreement.  This Court also appoints Division 618, Amalgamated Transit Union and Kevin Cole, James Thornley, and Tracey Blackledge

as class representatives, and appoints Gerard P. Cobleigh of Cobleigh and Giacobbe, Warwick, RI and Douglas Taylor of Gromfine, Taylor & Tyler, P.C., Alexandria, VA as class counsel.

> **B.** **The Court Grants Preliminary Certification of the Fair Labor Standards Act Collective Action**

When employees seek certification of a collective action under 29 U.S.C. § 216(b), the employees must demonstrate that they are similarly situated. Employees are similarly situated when they have similar job requirements and pay provisions and there is some evidence of a common policy or practice that potentially violates the FLSA. See McKnight v. Honeywell Safety Prods. USA, Inc., C.A. No. 16-132S, 2017 WL 3447894, at *7 (D.R.I. August 11, 2017). The court must also consider factors such as: the disparate factual and employment settings, the defenses available to the defendant which appear to be individual to each plaintiff, and fairness and procedural considerations. Additionally, the Court respects that the requirements for conditional certification of a FLSA collective action are more lenient than the requirements for Rule 23 certification.

Here, the Court has already found the Plaintiffs' action to be sufficient under Rule 23. Their action thus also meets the standard for certifying a FLSA collective action. Furthermore, the Plaintiffs are similarly situated because they have the same job duties and are subject to the same policies for payment of

wages for travel time. Therefore, the Court grants preliminary certification of the FLSA collective action.

II. The Court Preliminarily Approves the Parties' Proposed Settlement

The Court finds that the proposed settlement, as set forth in the parties' Settlement Agreement (see ECF No. 6-1), appears to be fair, reasonable, and adequate. The settlement appears to have been entered into at arm's-length by highly experienced and informed counsel. Also, the factors supporting approval of a Rule 23 settlement of state wage and hour claims may support approval of a collective action settlement of FLSA claims. Therefore, the court preliminarily approves the proposed settlement.

III. The Court Finds the Notice to Potential Class Members to be Adequate

The Court finds the form and content of the proposed Official Court Notice of Settlement of Class Action (the "Notice") adequate to provide notice to all absent class members and potential class members to enable them to make an intelligent choice as to whether to opt-in to the FLSA collective action or opt-out of the Rule 23 class action.[1] (See ECF No. 6-2.)

The Court approves the parties' proposed schedule for dissemination of the Notice, requesting exclusion from the

---

[1] Notifying employees of the FLSA's "opt-in" requirement and Rule 23's "opt-out" requirement is particularly critical in this action.

Settlement Class or objecting to the settlement, submitting papers in connection with final approval, the deadline by which claim forms must be postmarked, and the date of Final Approval Hearing, as follows:

- Notice date: no more than fifty (50) days after the entry of the order preliminarily approving the settlement.

- Deadline for returning requests for exclusion and filing objections: twenty-one (21) days prior to the Final Approval Hearing.

- Deadline by which claim forms must be postmarked: thirty (30) days after the Final Approval Hearing.

IV. Final Approval Hearing

A Final Approval Hearing[2] is hereby scheduled for January 4, 2019 at 11:00 a.m., before the undersigned at the Federal Building and Courthouse, One Exchange Terrace, Providence, Rhode Island 02903, Courtroom 3, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement, as well as the issue of the Rule 23 class certification, and the FLSA collective action.

Any member of the class that has not filed a timely request for exclusion may appear at the final approval hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness,

---

[2] This hearing is sometimes called a "Fairness Hearing."

reasonableness, and adequacy of the Settlement Agreement. However, in order to be heard in opposition to the settlement, a member must, consistent with deadlines set forth above, file with the clerk of the court, and serve on Class Counsel and Defendant's counsel, a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlement Agreement, and any documentation in support of that opposition.

The date and time of the Final Approval Hearing shall be set forth in the Notice to potential members, but shall be subject to adjournment by the Court without further notice to the members of the class other than that which may be posted at the Court, on the Court's website, and on Class Counsel's website.

IT IS SO ORDERED.

William E. Smith
Chief Judge
Date: October 10, 2018