```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
DIVISION 618, AMALGAMATED TRANSIT   )
UNION, KEVIN COLE ET AL.,           )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )   C.A. No. 18-226-WES
                                    )
RHODE ISLAND PUBLIC TRANSIT         )
AUTHORITY,                          )
                                    )
          Defendant.                )
_____ )
```

## ORDER

Before the Court is the parties' Joint Motion for Final Approval of Settlement of Rule 23 Class Action and FLSA Collective Action ("Joint Motion for Final Approval") (ECF No. 9.) Having found the terms of the parties' Settlement Agreement (ECF No. 6-1) to be fair, adequate, and reasonable, the Court GRANTS the Joint Motion for Final Approval.

By Order dated October 10, 2018 (ECF No. 8), this Court preliminarily certified the named Plaintiffs as representatives of the both the proposed Fed. R. Civ. P. 23 ("Rule 23") class and the Fair Labor Standards Act ("FLSA") collective, and further preliminarily approved the terms of the parties' proposed settlement.

"To obtain certification of a class action for money damages under Rule 23(b)(3), a plaintiff must satisfy Rule 23(a)'s

. . . prerequisites of numerosity, commonality, typicality, and adequacy of representation and must also establish that 'the questions of law or fact common to class members predominate over any questions affecting only individual class members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" Amgen, Inc. v. Conn. Retirement Plans & Tr. Funds, 568 U.S. 455, 460 (2013) (quoting Fed. R. Civ. P. 23) (citations omitted). To grant final approval to the Rule 23 settlement, following a hearing, the Court must find "that the settlement is fair, reasonable, and adequate." Trombley v. Bank of Am. Corp., Civil No. 08-cv-456-JD, 2013 U.S. Dist. LEXIS 130550, *15 (D.R.I. Sept. 12, 2013).

Moreover, "[t]he Court may approve a joint motion to approve the settlement of FLSA claims upon a finding that all parties to the action have agreed to it, and that it represents a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" Binienda v. Atwells Realty Corp., C.A. No. 15-253 WES, 2018 U.S. Dist. LEXIS 203019, *1 (D.R.I. Nov. 30, 2018) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982)). "Furthermore, where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee

award." Id. (citing 20 U.S.C. § 216(b)).

Since the Court entered its October 10, 2018 Order granting preliminary certification, the parties have sent the Court-approved notice to each of the 421 putative class members, and received 315 timely responses, all agreeing to join in the Rule 23 class and FLSA collective settlement. No objections to the settlement were received in response to the notice.

On January 4, 2019, the Court conducted a hearing on the Joint Motion for Final Approval. No putative class or collective members appeared, and no objections to the proposed settlement were asserted during the hearing. In sum, no party, or member of the class or collective, has objected to the proposed settlement.

Under the terms of the preliminary settlement agreement, the deadline for putative class and collective members to accept the terms of the proposed settlement is February 4, 2019. At the January 4, 2019 hearing, the parties requested, and the Court approved, a thirty-day period following the February 4, 2019 deadline to issue settlement payments to class and collective members who are participating in the settlement.

The Court has carefully scrutinized the terms of the proposed settlement and, as it did in granting preliminary approval (see Order, ECF No. 8), finds that the preliminarily-approved

3

Rule 23 class and FLSA collective satisfy the certification requirements of Rule 23 and the FLSA, and further finds that the proposed settlement is fair, reasonable, and adequate. The Court has similarly scrutinized the parties' proposed award of attorney fees to plaintiffs' counsel and, further noting that defendant does not object to the proposed award, finds that the proposed attorney fee award is reasonable. The Court further finds that the proposed settlement was reached following informed, arms-length negotiations between the parties, and was not the product of fraud or collusion.

For the reasons stated, the parties' Joint Motion for Final Approval of Settlement of Rule 23 Class Action and FLSA Collective Action (ECF No. 9) is GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: January 8, 2019